**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HABIB KOLAWOLE KOFI BRAIMAH, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70295 <br><br> Agency No. A079-151-845 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Habib Kolawole Kofi Braimah, a native and citizen of Ghana, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

The record does not compel the conclusion that Braimah established extraordinary circumstances excusing his untimely asylum application. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Accordingly, Braimah's asylum claim fails.

With respect to withholding of removal, Braimah does not challenge the agency's finding that he failed to demonstrate past persecution, but he fears returning to Ghana because of his Ewe ethnicity, his Muslim religion, and his family's wealth. Substantial evidence supports the agency's finding that Braimah failed to demonstrate it is more likely than not that he would be subject to persecution on account of a protected ground. *See Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (persecution does not include "mere discrimination, as offensive as it may be"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Braimah's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Braimah failed to establish it is more likely than not he would be tortured

12-70295

at the instigation or with the acquiescence of the government if returned to Ghana.
*See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**